**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| Eclipse IP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. _____** |
| | ) | |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| GoWaiter Business | ) | |
| Holdings, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eclipse IP LLC ("Eclipse") complains of defendant GoWaiter Business

Holdings, LLC ("GoWaiter") as follows:

### Nature of Lawsuit

1.     This is a suit for patent infringement arising under the patent laws of the

United States, Title 35 of the United States Code § 1 et seq.  This Court has exclusive

jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and

1338(a).

### Parties and Patents

2.     Eclipse is a company organized and existing under the laws of Florida and

having a principal place of business address at 115 NW 17th Street, Delray Beach,

Florida 33444.

3.     Eclipse owns all right, title, and interest in and has standing to sue for

infringement of United States Patent No. 8,232,899 ("the '899 patent"), entitled

"Notification Systems and Methods Enabling Selection of Arrival or Departure Times of Tracked Mobile Things in Relation to Locations" (Exhibit A) ("the '899 patent").

4.      On information and belief, GoWaiter is a corporation organized and existing under the laws of Florida.

5.      On information and belief, GoWaiter does regular business in this judicial district and has committed acts of infringement in this judicial district.

## Jurisdiction and Venue

6.      This Court has personal jurisdiction over GoWaiter because GoWaiter transacts continuous and systematic business within the State of Texas and this judicial district; is operating and/or supporting products or services that fall within one or more claims of Eclipse's patents in this judicial district; and has committed the tort of patent infringement in this judicial district.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(d) and 1400(b).

## Defendant's Acts of Patent Infringement

8.      GoWaiter has infringed one or more claims of the '899 patent through among other activities, providing notification communication sessions which enable customers to select from a plurality of arrival times for their order.

9.      Prior to filing this complaint, Eclipse, by letter, informed GoWaiter of its infringement of the '899 patent, and offered to enter into a licensing arrangement that would allow GoWaiter to continue practicing the inventions claimed in the Patents-in-Suit.

10.     GoWaiter, however, chose not to enter into a licensing agreement with Eclipse.

11.     Rather, with knowledge of the '899 patent and in disregard of Eclipse's patent rights, GoWaiter chose to continue its infringement.

12.     Accordingly, in infringing the '899 patent, GoWaiter has acted knowingly, willfully, and with the intent to induce others to infringe the Patents-in-Suit.

13.     GoWaiter has actively induced and/or contributed to the infringement by others of one more claims of each of the Patents-in-Suit.

### Claims for Relief

### Count I
### (Patent Infringement of U.S. Patent No. 8,232,899 Under 35 U.S.C. § 271, *et seq.*)

14.     Eclipse incorporates by reference and realleges the allegations set forth in paragraphs 1 through 13 above.

15.     On July 31, 2012, United States Patent No. 8,232,899, entitled, "Notification Systems and Methods Enabling Selection of Arrival or Departure Times of Tracked Mobile Things in Relation to Locations" was duly and legally issued by the United States Patent and Trademark Office.

16.     Eclipse IP is the owner of the entire right, title and interest in and to the '899 patent. A true and correct copy of the '899 patent is attached as Exhibit A to this complaint.

17.     Eclipse is informed and believes, and thereupon alleges, that GoWaiter: (1) has infringed and continues to infringe claims of the '899 patent, literally and/or

under the doctrine of equivalents, and/or (2) has contributed and continues to contribute to the literal infringement and/or infringement under the doctrine of equivalents of claims of the '899 patent, and/or has actively induced and continues to actively induce others to infringe claims of the '899 patent, literally and/or under the doctrine of equivalents, in this district and elsewhere in the United States.

## **Prayer for Relief**

WHEREFORE, Plaintiff Eclipse asks this Court to enter judgment against GoWaiter and against each of the its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

(a)     An award of damages adequate to compensate Eclipse for the infringement that has occurred, together with prejudgment interest from the date infringement of the Eclipse Patents began;

(b)     An award to Eclipse of all remedies available under 35 U.S.C. §§ 284 and 285, including enhanced damages up to and including trebling of Eclipse's damages for GoWaiter's willful infringement, and reasonable attorneys' fees and costs; and

(c)     Such other and further relief as this Court or a jury may deem proper and just.

## **Jury Demand**

Eclipse demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted this 4th day of June, 2013.

GILLAM & SMITH, LLP

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 S. Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
melissa@gillamsmithlaw.com


*s/ Matthew S. Harman*
Matthew S. Harman
Georgia Bar No. 327169
Eric S. Fredrickson
Georgia Bar No. 489783
HARMAN LAW LLC
4279 Roswell Road
Suite 102-273
Atlanta, Georgia 30342
Telephone:  404-869-1119
Fax:  404-424-9370
Email:  mharman@harmanlaw.com
Email:  efredrickson@harmanlaw.com

**Attorneys for Plaintiff**